**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT NEW YORK**

------------------------------------------------------------------------x

Julia Campoverde-Romero,

Plaintiff, **C.A. No.:** 1:26-cv-6297

-against- **DEMAND FOR JURY TRIAL**

Barclays Bank Delaware,

Defendant(s).

------------------------------------------------------------------------x

## COMPLAINT

Plaintiff Julia Campoverde-Romero ("Plaintiff"), by and through her attorneys, and as for her Complaint against Defendant Barclays Bank Delaware ("Barclays") respectfully sets forth, complains, and alleges, upon information and belief, the following:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681p *et seq*.
2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.
3. Plaintiff brings this action for damages arising from the Defendants' violations of 15 U.S.C. § 1681 *et seq*., commonly known as the Fair Credit Reporting Act ("FCRA").

## PARTIES

4. Plaintiff is a resident of the State of New York in the County of Richmond.

5. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

6. Barclays is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2 and may be served at 125 S. West Street, Wilmington, DE 19801.

**FACTUAL ALLEGATIONS**

7. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

Barclays Dispute and Violation

8. Upon information and belief, on a date better known to the credit bureaus, Transunion, LLC, Equifax Information Services, LLC, and Experian Information Solutions, Inc. ("Bureaus"), the Bureaus prepared and issued credit reports concerning the Plaintiff that included inaccurate and misleading information relating to her Old Navy card account financed through Barclays ("Account").

9. The inaccurate information furnished by Barclays and published by the Bureaus is inaccurate since the credit reporting account contains a late payment notation for the month of December 2025

10. Upon opening the Account, Plaintiff set up automated payments in November 2025. Despite this, Barclays failed to pull the December 2025 payment.

11.At all times during this month the Plaintiff had sufficient funds available in her bank account for the payment to process properly.

12. It is materially misleading to mark the Plaintiff as late on her Account because Plaintiff had correctly configured automated payments via PayPal linked to a TD credit card with ample available credit and funds, and Barclays failed to process or attempt collection properly, or alternatively, falsely claimed insufficient funds.

13. Specifically, Plaintiff opened the account in October 2025 and set up autopay through PayPal to draw from her TD credit card.

14. When a late notation appeared, Barclays claimed the December payment failed due to insufficient funds.

15. However, this assertion was entirely false: the payment method was a credit card with a $9,000 limit (where balances never exceeded $3,000), and even if drawn from a bank account, ample funds were available.

16. Furthermore, inquiries and verification records from PayPal confirmed that her TD card remained successfully attached to her PayPal account throughout the relevant period and that there were no payment attempts or pulls initiated by Barclays whatsoever during that time window.

17. To compound its errors, when responding to Plaintiff's disputes, Barclays even issued a response letter clearly intended for an entirely unrelated individual, demonstrating a complete lack of attentiveness and reliability.

18. Plaintiff disputed the Account with the Bureaus in a dispute sent on May 16, 2025, and delivered by June 5, 2025, attaching documentation disproving the alleged insufficient funds.

19. Upon information and belief, the Bureaus sent Barclays notice of the Plaintiff's disputes.

20.Upon receipt of Plaintiff's dispute letters from the Bureaus, Barclays failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on Plaintiff's consumer reports with respect to the disputed Account.

21.Had Barclays conducted a reasonable investigation of the Plaintiff's dispute, it would have been revealed that its claim of insufficient funds was baseless and that if a payment was not made it was completely due to a processing error by Barclays.

22.The Bureaus have been reporting this inaccurate information furnished and verified by Barclays through the issuance of false and inaccurate credit information and consumer reports to various persons and credit grantors.

23.Potential credit grantors reviewed the Plaintiff's credit reports, as evidenced by soft and hard pulls on Plaintiff's credit reports (including hard inquiries generated during credit applications such as with Capital One), resulting in adverse credit conditions.

24. Barclays violated 15 U.S.C. § 1681s-2 by failing to conduct a reasonable investigation and by continuing to report the inaccurate information with respect to the disputed Account.

25.Notwithstanding Plaintiff's efforts, the Defendant continued to publish and disseminate such inaccurate information to other third parties, persons, entities, and credit grantors.

26. As a result of Defendant's failure to comply with the FCRA, Plaintiff suffered concrete harm in the form of loss of credit, loss of ability to purchase and benefit from credit, unfavorable credit terms, a chilling effect on applications for future credit, physical and mental distress (including aggravation of an autoimmune condition caused by stress), and the anguish, humiliation, and embarrassment associated with credit reporting errors.

## FIRST CAUSE OF ACTION
**(Willful Violation of the FCRA as to Barclays)**

27. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

28. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

29. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

30. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

31. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant must be reported to other agencies which were supplied such information.

32. Barclays violated 15 U.S.C. § 1681s-2 by failing to fully and properly investigate the dispute of the Plaintiff; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

33. As a result of the conduct, action and inaction of Barclays, Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

34. The conduct, action and inaction of Barclays was willful, rendering Barclays liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

35. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Barclays in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Julia Campoverde-Romero, an individual demands judgement in her favor against Barclays in for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681n.

**SECOND CAUSE OF ACTION**
**(Negligent Violation of the FCRA as to Barclays)**

36. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

37. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

38. Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information in a consumer credit report.

39. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

40. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a

furnisher such as the Defendant must be reported to other agencies which were supplied such information.

41. Barclays is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2.

42. After receiving the dispute notices from the Bureaus, Barclays negligently failed to conduct its reinvestigation in good faith.

43. A reasonable investigation would require a furnisher such as Barclays to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

44. The conduct, action and inaction of Barclays was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

45. As a result of the conduct, action and inaction of Barclays, Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

46. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Barclays in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Julia Campoverde-Romero, an individual, demands judgement in her favor against Barclays for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## DEMAND FOR TRIAL BY JURY

47. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this Complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from Defendant as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for each negligent violation as alleged herein;

b) For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

c) For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

d) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681o(a)(2).

e) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: October 2, 2026

Respectfully Submitted,

*/s/ Alec Deborin*
**Stein Saks, PLLC**
By: Alec Deborin, Esq.
One University Plaza, Ste 620
Hackensack, NJ 07601
Phone: (201) 282-6500
Fax: (201)-282-6501
adeborin@steinsakslegal.com